Scott, C. J.
The petition in this case shows that the lands which the plaintiff seeks to subject, under the mortgage, to the satisfaction of his debt, have been heretofore sold, under the order of the proper court, upon the petition of the administrators of the estate of the deceased mortgagor, for the payment of the debts of the estate. - The validity of this sale, and the consequent title of the purchaser under whom the defendant, Johnston, now holds the premises, is not drawn in question, otherwise than by an averment that the mortgagees were not made parties to the petition for the sale of the land by the administrators. Hence, the demurrer to the petition presents the question, whether, under the statutes in force in 1844, the purchaser of lands at administrator’s sale, could take the lands dischai'ged of specific liens held by a creditor who was not made a party to the petition and proceedings for sale.
*488 The act of March 23,1840, as amended by the act of April, 12, 1858, expressly requires the administrator, in applying for authority to sell real estate for the payment of debts, to make all mortgagees and other lien holders parties defendant to his petition. But prior to this amendment there was no such requirement. As the act stood in 1844, the only parties required to be made defendants, were the “ widow and the heirs, or persons having the next estate of inheritance from the deceased.” 1 Swan & Critchfield’s St. 590, sec. 122.
As soon as the personal estate in the hands of the administrator was found insufficient for the payment of debts, the same statute not only authorized, but required him to apply to the court of common pleas for authority to sell the real estate. Sec. 117. And in sec. 148, it directed the application of the money arising from the sale, “ First: To discharge the costs and expenses of the sale, and the per centum and charges of the executor or administrator thereon for the administration of the same. Secondly: To the payment of mortgages and judgments against the deceased, according to their respective priorities of lien, so far as the same operate as a lien on the estate of the deceased, at the time of his death; which shall be apportioned and determined by the court, on reference to a master, or otherwise,” etc.
The statute requires an administrator, before entering on the duties of his trust, to give bond for their faithful discharge. Upon this bond, he is responsible to the heirs, creditors, and all parties for whom he acts, or who have an interest in the estate, for any unfaithfulness to his trust. Upon their motion, he may, for good cause, be removed, or required to give additional bond. In the discharge of the duties of his trust, his acts, done in good faith, and within the sphere of his statutory powers, must necessarily bind all persons interested. When it becomes necessary to .sell lands of his intestate, for the payment of debts, and he does so by proceedings in conformity with the statute, the creditors for whose benefit the sale is ordered can not treat it as a nullity. -The priority which one creditor may have acquired over others, by virtue of a mortgage or other specific lien upon the land sold, the *489 statute transfers to the fund arising from the sale; and to this fund he must look instead of the land. As between the creditors, such mortgage is but a security giving priority to the mortgagee, in the payment of debts, so far as relates to the proceeds of the mortgaged premises. But the purchaser at such sale takes the lands discharged of all liens of the creditors, and is not responsible for the proper application of the purchase money. He deals with a trustee created by the law, and its policy protects him when the proceedings are regular. In declaring this to be the law, we but reaffirm the decision of the same question in the case of The Bank of Muskingum v. Carpenter’s adm’rs, 7 Ohio Rep. (pt. 1), 21.
In the case before us, no misapplication of the funds arising from the administrator’s sale, is alleged in the plaintiff’s petition. A copy of the mortgage, which is made part thereof, shows that it was given to secure the payment of two other promissory notes in addition to the one described in the petition. The aggregate amount of those notes, together with the payments acknowledged to have been made, by the administrators, upon the note now sought to be collected, exceeds the sum for which the mortgaged premises were sold. It can not, therefore, be inferred from the petition that the whole proceeds of the sale of the mortgaged premises were not paid to the mortgagees. There may also have been prior liens which it was the duty of the administrators first to satisfy. But, at all events, the purchaser is not bound to see to the proper application of the purchase money after full payment made by him to the administrators; and the plaintiff can not enforce the lien of his mortgage by a resale of the premises.
Judgment must be rendered for the defendants upon the demurrer.
Sutliee, Peck, Gholson and Brinkerhoee, JJ., concurred,